**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN GARCIA,**<br><br>                    **Plaintiff,**<br><br>     **v.**<br><br>**CITY OF MERCED, CITY OF MERCED POLICE DEPARTMENT, BUREAU OF NARCOTICS ENFORCEMENT SPECIAL AGENT SUPERVISOR ALFREDO CARDWOOD, COUNTY OF MERCED, MERCED COUNTY SHERIFF'S DEPARTMENT, MERCED COUNTY DEPUTY SHERIFF JOHN TAYLOR, MERCED COUNTY DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY GORDON SPENCER, DOES 6 through 50**<br><br>                    **Defendants.** | **1:07-CV-00867-OWW-DLB**<br><br>**MEMORANDUM DECISION AND ORDER RE GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. 8, 11, 13)** |

**1.   INTRODUCTION**

Defendants City of Merced ("Merced") and City of Merced Police Department ("Merced Police") move to dismiss Plaintiff John Garcia's ("Garcia") complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant Bureau of Narcotics Enforcement Special Agent Supervisor Alfredo Cardwood ("Cardwood") moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendants County of Merced ("Merced County"), Merced County Sheriff's Department ("Sheriff's Dept."), Merced County Deputy

Sheriff John Taylor ("Taylor") and District Attorney Gordon Spencer ("Spencer") move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's complaint alleges assault and battery, abuse of process, false arrest and imprisonment, defamation per se, violation of California Civil Code § 52.1 and a § 1983 claim for unreasonable search and seizure.  Oral argument on this matter was heard on October 15, 2007.

## 2.  <u>PROCEDURAL BACKGROUND</u>

_____The third amended complaint was filed on June 15, 2007.  The action was previously removed to this Court pursuant to 28 U.S.C. Section 1441(b) from Merced County Superior Court. (Doc. 1, Third Amended Complaint ("TAC").)  Defendants Merced and Merced Police moved to dismiss the TAC on June 19, 2007. (Doc. 8, Merced and Merced Police Motion to Dismiss TAC ("MTD I").)  Defendants Merced County, Sheriff's Dept., Taylor and Spencer moved to dismiss the TAC on June 28, 2007. (Doc. 11 Merced County and DA Motion to Dismiss TAC ("MTD II").)  Defendant Cardwood moved to dismiss and filed a motion for a more definite statement of the TAC on July 9, 2007. (Doc. 13, Cardwood Motion to Dismiss ("MTD III").)  On August 20, 2007, Plaintiff filed a fourth amended complaint. (Doc. 15, Fourth Amended Complaint ("FAC" or "Complaint").)  On August 28, 2007, Defendants Merced and Merced Police filed a memorandum/correspondence with the Court regarding the scheduled hearing on the TAC motion to dismiss, requesting to be heard on the motion to dismiss despite the recently filed FAC. (Doc. 16, Memorandum/Correspondence from Defendants ("Memo").)

**2**

In response, a stipulation and order was entered by the Court and parties on August 31, 2007 setting the motion to dismiss hearing date on the TAC and the FAC and permitting supplemental briefings to be filed to address any alleged remaining deficiencies in the FAC[1] on the pending motions to dismiss. (Doc. 18, Order.) Defendants Merced County, Sheriff's Dept., Taylor and Spencer filed their supplemental brief on the motion to dismiss the FAC on September 4, 2007. (Doc. 19, Merced County and DA Supplemental Brief ("Suppl. I").)  Defendant Cardwood filed his supplemental

---

[1] Merced and Merced Police's counsel filed a letter with the Court on August 28, 2007 describing a history and pattern of Plaintiff filing amended complaints in response to Defendants' motion to dismiss/demurrer motions, prohibiting Defendants from having the opportunity to test the sufficiency of a new complaint's allegations.

Plaintiff filed his original complaint in the Superior Court of Merced on March 13, 2007.  Plaintiff then amended his complaint and filed his First Amended Complaint on March 21, 2007 to substitute real names for fictitious "Doe" defendants. Plaintiff filed yet another amended complaint, his Second Amended Complaint on April 5, 2007, pursuant to an *ex parte* application before Defendants Merced and Merced Police could file a demurrer on the first amended complaint, which they claim they were preparing. Defendants Merced, Merced Police and Merced County timely filed demurrers against the Second Amended Complaint, and a hearing was set for May 31, 2007. Plaintiff filed yet another amended complaint, a Third Amended Complaint on May 23, 2007. The Superior Court of Merced permitted the hearing on the demurrer to the Second Amended Complaint to be heard despite the filing of the Third Amended Complaint.  At the hearing the Court stated that it would allow the Third Amended Complaint but would allow no further amendments until Defendants have had the opportunity to test the sufficiency of the new complaint's allegations.  The Third Amended Complaint contained a federal cause of action pursuant to 42 U.S.C § 1983 and, Defendants removed the action to Federal Court.  Defendants then timely filed a motion to dismiss the Third Amended Complaint on June 19, 2007.  Plaintiff filed his Fourth Amended Complaint on August 20, 2007.  Defendants Merced and Merced Police then sought relief from the Court by their filing on August 28, 2007.

brief supporting the motion to dismiss the FAC on September 10, 2007. (Doc. 20, Cardwood Supplemental Brief ("Suppl. II").) Defendants Merced and Merced Police filed their supplemental brief on the motion to dismiss the FAC on September 10, 2007. (Doc. 21, City and Police Supplemental Brief ("Suppl. III").) Plaintiff filed his opposition to Defendants' Merced County, Sheriff's Dept., Taylor and Spencer MTD II and Suppl. I on October 2, 2007. (Doc. 23, Opposition to MTD II.)  Plaintiff filed his opposition to Defendant Cardwood's MTD III and Supp. II on October 2, 2007. (Doc. 24, Opposition to MTD III.)  Plaintiff filed his opposition to Defendants' Merced and Merced Police MTD I and Suppl. III on October 3, 2007. (Doc. 25, Opposition to MTD I.)  Defendant Merced and Merced Police replied to Plaintiff's Opposition to MTD I on October 10, 2007. (Doc. 26, Reply I.)[2]

---

[2]Defendant City of Merced and City of Merced Police Department claim that Plaintiff's opposition to their motion was not filed in accordance with Civil Local Rule 78-230(c) which requires opposition papers be filed not less than fourteen days before the hearing date (October 15, 2007) or if by electronic service not less than seventeen days before the hearing date (October 15, 2007) and therefore they were deprived of five days in which to respond. (Doc. 26, Reply I, pp. 1-2.) Defendants request that the Court disregard Plaintiff's opposition.  The Stipulation and Order entered into on August 31, 2007 by all parties to the action sets forth the due dates of the opposition and reply papers. (Doc. 18, Order).  Plaintiff was to file his opposition papers to any supplemental briefs by September 24, 2007 and Defendants were to file their reply papers by October 1, 2007, a full seven days later.  Defendants correctly note that Plaintiff did not file his opposition papers on the agreed upon date of September 24, 2007, filing his oppositions on October 2 and October 3, 2007.  However, Defendants are incorrect that they were deprived five days in which to respond to Plaintiff's opposition.  Defendants City of Merced and City of Merced Police Department filed their reply on October 10, 2007, which provided them seven days to respond, the

1    Defendant Merced County, Sheriff's Dept., Taylor and Spencer

2 filed a Motion to Strike Plaintiff's Opposition (Doc. 23,

3 Opposition to MTD II.) to Defendants' Motion to Dismiss

4 Plaintiff's Third and Fourth Amended Complaint (Doc. 11, MTD II

5 and Doc. 19, Suppl. I.) on October 11, 2007. (Doc. 27, Motion to

6 Strike.)   The Motion to Strike was scheduled for October 15,

7 2007.  Local rule 78-230(b) requires that motions be set "not

8 less than thirty-one (31) days after mailed or electronic service

9 and filing of the motion."  The motion is brought on the ground

10 that Plaintiff filed his opposition papers on October 2, 2007,

11 more than a week after the stipulated deadline of September 24,

12 2007. (Doc. 18, Order.)  (Doc. 27, Motion to Strike, p. 2:14-20.)

13 Defendants also argue that the caption to the FAC does not name

14 as Defendants, Merced County, Sheriff's Dept., Taylor and

15 Spencer.  Those persons and entities however, are mentioned as

16 defendants in the body of the FAC. (Doc. 27, Motion to Strike, p.

17 2:3-10.)   Defendant Merced County, Sheriff's Dept., Taylor and

18 Spencer did not file a reply to Plaintiff's opposition papers.

19 Plaintiff filed a declaration by counsel in opposition to

20 Defendant Merced County's Motion to Strike on October 12, 2007.

21 (Doc. 28, Opposition to Motion to Strike.)  In Plaintiff's

22 declaration, counsel apologizes to the Court and Merced County

23

24 _____

25 same amount of time specified in the Stipulation and Order of
26 August 2007.  Defendants City of Merced and City of Merced Police
   Department were not prejudiced by this late filing, only the
27 Court was inconvenienced as it did not receive Defendants' reply
   until October 10, 2007, well after the October 1, 2007 deadline
28 it had ordered.

**5**

1  for his oversight of the due dates.[3]

2  **A.   FOURTH AMENDED COMPLAINT (COMPARISON TO THIRD AMENDED COMPLAINT)**

(a) This analysis addresses the most recently filed complaint, the FAC.  Defendants motion to dismiss pleadings, including the supplemental motions to dismiss pleadings, addressing any remaining deficiencies in the FAC, will be taken into account in the motion to dismiss analysis on the FAC.

Plaintiff alleges an assault and battery in his first cause of action.  In his previous TAC, Plaintiff did not specifically name any defendants, referring only to defendants generally in his cause of action.  His amended complaint, the FAC, adds a specific reference to Defendant Cardwood.  Plaintiff also alleges in his FAC that Plaintiff was:

> apprehensive of harmful or offensive touching when he was pulled over while driving his car.  The actual touching was unnecessary force by a police officer because the officers doing the touching, at the time of the touching, did not reasonably believe the warrant was valid, and instead, knew that the warrant was obtained on false information and did not include essential exculpatory information. Placing Plaintiff in apprehension of non-consensual touching and actually touching Plaintiff was excessive force because Defendants knew they had no actual right to arrest Plaintiff or search Plaintiff's office.

(Doc. 15, FAC, ¶ 39.)

_____

[3]Counsel claims that due to an oversight in his office, the due date for the opposition was calendared for October 1, 2007, not less than fourteen (14) calendar days before the hearing date of October 15, 2007.  And during the process of purchasing a new computer upon the previous computer's failure to work, Counsel missed the incorrectly calendared October 1, 2007 date. Counsel has agreed to continue the hearing date to permit Merced County to file a reply. (Doc. 28, Opposition to Motion to Strike, ¶¶ 2-5.)

1    (b) Plaintiff's second cause of action alleges abuse of

2    process against all Defendants.  Under his FAC, Plaintiff adds

3    three additional allegations to his claim for abuse of process.

4    Plaintiff specifically names Defendants Spencer as being involved

5    in preparing the warrant, and claims Spencer knew the warrant was

6    fraudulent and an abuse of process. (Doc. 15, FAC ¶ 43.)

7    Plaintiff also claims that Spencer, Taylor and other Defendants

8    do not have immunity, absolute nor investigative, for fabricating

9    evidence, making false statements or withholding exculpatory

10   evidence. (Doc. 15, FAC, ¶ 44.)  Plaintiff also additionally

11   alleges that Defendant Spencer was an authorized policymaker and

12   implemented, created and approved the subordinate Defendant

13   Merced County Sheriff's Department, Defendant Taylor and

14   Defendant Merced Police's decisions and conduct in obtaining and

15   executing the fraudulent warrant, using false evidence and

16   concealing the exculpatory evidence used for obtaining the

17   warrant. (Doc. 15, FAC, ¶ 46.)  Plaintiff concludes that such

18   ratification by Spencer is "chargeable to the State of

19   California, the Merced County and the Merced Police Department."

20   (Doc. 15, FAC, ¶ 46.

21   (c) Plaintiff's third cause of action for false arrest and

22   imprisonment with a warrant is largely unchanged from the TAC.

23   However, Plaintiff no longer states that he will identify and

24   designate other officers in place of Doe Defendants.  *Compare*

25   Doc. 1, TAC, ¶ 46 to Doc. 15, FAC, ¶ 49.

26   (d) Plaintiff's fourth cause of action for defamation per se

27   against Defendant Cardwood is unchanged.

28   (e) Plaintiff's fifth cause of action under the TAC for

**7**

civil conspiracy against all Defendants has been removed as a cause of action under the FAC and is now at the end of the complaint under a heading entitled "Prayer for Additional Recovery as Allowed by Law under the Legal Doctrine of Civil Conspiracy against All Defendants." *Compare* Doc. 1, TAC, ¶¶ 59-62 to Doc 15, FAC, ¶¶ 65-68.

(f) Plaintiff's sixth cause of action under the TAC, now the fifth cause of action under the FAC, alleges Defendants violated 42 U.S.C. § 1983, protecting him from unreasonable search and seizure.  The only addition in the FAC to the sixth cause of action is a conclusory statement that Defendants are not entitled to absolute investigative or prosecutorial immunity. (Doc. 15, FAC, ¶ 61.)

(g) Plaintiff's seventh cause of action alleging violation of California Civil Code § 52.1 under the TAC, now the sixth cause of action under the FAC, is unchanged.

### 3.  **FACTUAL HISTORY**

On February 6, 2006, Plaintiff, a criminal defense attorney, was in Merced Superior Court when he was approached by Merced County prisoner Robert Anthony Plunkett. (Doc. 15, FAC, ¶ 10.) Mr. Plunkett told him he was a friend of Plaintiff's client Alfonso Robledo and he had something important to tell Plaintiff. (Doc. 15, FAC ¶ 8, 12.)  Plaintiff believed Mr. Plunkett may have had information relevant to Mr. Robledo's case and gave Mr. Plunkett his business card and told him to contact his office and make an appointment with his investigators. (Doc. 15, FAC, ¶ 13.) Approximately, an hour later when Plaintiff stepped outside the courtroom, Mr. Plunkett approached Plaintiff for the second time.

**8**

(Doc. 15, FAC, ¶ 13.)

Mr. Plunkett told Plaintiff that a person named Sylvia told him he could leave something with Plaintiff to give to Mr. Robledo.  Plaintiff had taken tobacco to his client Mr. Robledo before and inquired whether it was tobacco. (Doc. 15, FAC, ¶ 14.) Mr. Plunkett replied in the affirmative and Plaintiff told him to take it to his office and leave it with his secretary. (Doc. 15, FAC, ¶ 14.)

At 3:30 p.m. Plaintiff was finished with his Court business when Mr. Plunkett approached Plaintiff a third time as he was leaving the Court building and informed him he could not find Plaintiff's office. (Doc. 15, FAC, ¶ 15.)  The office was on the same street, two blocks away. (Doc. 15, FAC, ¶ 15.)  Mr. Plunkett walked alongside Plaintiff as he was returning to his office. (Doc. 15, FAC, ¶ 15.)  Mr. Plunkett identified himself and informed Plaintiff he had an afternoon pass from the Sandy Mush correctional facility and he was a cellmate of Mr. Robledo's. (Doc. 15, FAC, ¶ 16.)

Mr. Plunkett then handed Plaintiff a Bugler tobacco pouch and commented that "Sylvia should not have removed the outside packaging of the tobacco." (Doc. 15, FAC, ¶ 17.)  Plaintiff immediately attempted to hand the bag back to Mr. Plunkett asking if there was anything in the Bugler pouch.  (Doc. 15, FAC, ¶ 17.) Mr. Plunkett refused to take the Bugler pouch, backing away and putting his hands behind his back. (Doc. 15, FAC, ¶ 18.)  He said he did not know what was in the bag and could not even if he wanted to, take the package back because he was on an afternoon pass from Sandy Mush. (Doc. 15, FAC, ¶ 18.)

**9**

When Plaintiff reached his law office, he opened the Bugler pouch with his investigator Augie Provencio, discovering a methamphetamine-like substance. (Doc. 15, FAC, ¶ 19.)  Plaintiff instructed Mr. Provencio to flush the contents down the toilet. (Doc. 15, FAC, ¶ 19.)  Plaintiff then drove away from his office. During his drive he was pulled over by several vehicles on M Street between Olive and Yosemite Avenues. (Doc. 15, FAC, ¶ 20.) Plaintiff was immediately handcuffed and patted down and informed that his office and automobile would be frozen and searched. (Doc. 15, FAC, ¶ 20.)  Plaintiff was taken back to his office under arrest, while his office was searched and employees interrogated. (Doc. 15, FAC, ¶¶ 20-21.)

Defendant Bureau of Narcotics Enforcement Special Agent Supervisor Alfredo Cardwood and Defendant Merced County Deputy Sheriff John Taylor questioned Plaintiff during the search, tape recording the questioning. (Doc. 15, FAC, ¶ 21.)  Plaintiff agreed to speak to Defendants and provided a recorded statement to Defendant officers. (Doc. 15, FAC, ¶ 22.)  After Plaintiff made his recorded statement he was informed that Mr. Plunkett was wearing a recording device during their earlier conversation. (Doc. 15, FAC, ¶ 22.)  Defendants Cardwood and Taylor and other unidentified Defendant Does, informed Plaintiff he could change or redact any part of his recorded statement. (Doc. 15, FAC, ¶ 23.)  Plaintiff declined. (Doc. 15, FAC, ¶ 23.)  Plaintiff alleges at least a portion of the information Defendants used to obtain a search warrant for Plaintiff and his office was provided by Mr. Plunkett. (Doc. 15, FAC, ¶ 9.)

Plaintiff has requested from Defendants information upon

**10**

1   which his warrant was based, but claim his request has been

2   refused. (Doc. 15, FAC, ¶ 11.)  Plaintiff alleges that the

3   information on which the warrant is based is false and based on

4   exculpatory information fraudulently withheld from the

5   magistrate. (Doc. 15, FAC, ¶ 11.)

6        Plaintiff alleges Defendant District Attorney Gordon Spencer

7   had contacted and arranged with news media outlets, including

8   television outlets to witness Plaintiff being taken under arrest

9   from his office to the Merced County city jail. (Doc. 15, FAC, ¶

10  24.)

11       Plaintiff alleges that at the time Mr. Plunkett was waiting

12  to be sentenced. (Doc. 15, FAC, ¶ 25.)  Mr. Plunkett was a repeat

13  offender with two strikes against him, exposing him to a sentence

14  of 25 years to life. (Doc. 15, FAC, ¶ 25.)  Plaintiff alleges Mr.

15  Plunkett was rewarded for his participation in Defendants'

16  conspiracy by a sentence of only four years arranged by Defendant

17  Spencer in return for Mr. Plunkett's cooperation in providing

18  Defendants with false information as the basis to initiate

19  proceedings in the investigation against Plaintiff. (Doc. 15,

20  FAC, ¶ 25.)

21       Plaintiff believes the criminal investigation was instigated

22  in retaliation, intimidation, coercion and defamation because

23  Plaintiff referred his client, Erika Rivera, to a civil attorney

24  for prosecution of civil police misconduct. (Doc. 15, FAC, ¶ 8.)

25  Defendants Cardwood, Merced Police, Sheriff's Dept. and certain

26  named Merced Police officers are being sued in Ms. Rivera's suit.

27  (Doc. 15, FAC, ¶ 8.)

28       No criminal charges have been brought against Plaintiff as a

**11**

result of the described events. (Doc. 15, FAC, ¶ 27.)

### 4.   **STANDARD OF REVIEW**

**A.   12(b)(6) MOTION**

Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In deciding whether to grant a motion to dismiss, the Court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); see also *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

### 5.   **STATE CLAIMS**

Plaintiff alleges state law claims for assault and battery

**12**

1  by a peace officer, abuse of process, false arrest and

2  imprisonment, defamation per se and violation of California Civil

3  Code § 52.1.

4  **A.   STATUTORY BASIS FOR LIABILITY OF PUBLIC ENTITIES**

5        Plaintiff brings state law claims against, not only

6  individual Defendants, but public entities, Merced County, Merced

7  County Sheriff's Department, the City of Merced and the City of

8  Merced Police Department.

9        Defendants claim that Plaintiff failed to state the

10  statutory basis for which the public entities are liable.  Under

11  California law a public entity is not liable under a claim

12  brought by a plaintiff unless liability is provided for by

13  statute or required by the state or federal constitution. Cal.

14  Gov. Code § 815; *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d

15  405, 409 (Cal.App.1.Dist. 1984); *Lundeen Coatings Corp. v.*

16  *Department of Water & Power*, 232 Cal.App.3d 816, 832

17  (Cal.App.2.Dist. 1991).  California Government Code Section 815

18  requires liability of a public entity be provided by statute.[4]

19  "It is not interpreted to mean that public entities are liable in

20  tort only when the Legislature has enacted a statute imposing

21  liability which on its face is applicable to public bodies.

22  Rather, a liability is deemed 'provided by statute' if a statute

23  defines the tort in general terms." *Levine v. City of Los*

24  *Angeles*, 68 Cal.App.3d 481, 487 (Cal.App.2.Dist. 1977) (The

25

26        [4] Except as otherwise provided by statute: [¶] (a) A public
    entity is not liable for an injury, whether such injury arises
27  out of an act or omission of the public entity or a public
    employee or any other person. Cal.Gov.Code § 815(a).
28

**13**

phrase "as provided by statute" is given "its broadest possible meaning").

In support, Plaintiff cites California Government Code Section 815.2[5]. "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee...." Cal. Gov. Code § 815.2. Public employees are liable for injuries caused by their acts or omissions to the same extent as private persons. Cal. Gov. Code § 820. "Through this section, the California Tort Claims Act expressly makes the doctrine of respondeat superior

---

[5]Plaintiff also cites the following California Statutes as the basis for liability of Defendants under his state law claims:
(a) Cal. Gov. Code § 815.3 regulates a public entity's liability in the event that an elected official commits an intentional tort.
(b) Cal. Gov. Code § 818.8 immunizes public entities from liability caused by intentional or negligent misrepresentations on the part of their employees, including breaches by the employee.
(c) Cal. Gov. Code § 820.4 immunizes public employees from liability arising from acts performed in the execution or enforcement of any law, with the exception for false arrest or imprisonment.
(d) Cal. Gov. Code § 822.2 provides that public employees are immune from liability from injuries caused by their intentional or negligent misrepresentations, absent actual fraud, corruption or actual malice.
(e) Cal. Gov. Code § 825 requires public entities to pay claims and judgments against public employees that arise out of their public employment, where the public entity has defended the employee in the action.
(f) Cal. Penal Code § 835a provides that a "peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance."

**14**

1   applicable to public employers." *Hoff v. Vacaville Unified School*
2   *Dist.*, 19 Cal.4th 925, 932 (1998).  "Thus, 'the general rule is
3   that an employee of a public entity is liable for his torts to
4   the same extent as a private person [citation] and the public
5   entity is vicariously liable for any injury which its employee
6   causes [citation] to the same extent as a private employer
7   [citation].'"  *Gates v. Superior Court*, 32 Cal.App.4th 481, 528
8   (Cal.App.2.Dist. 1995)(quoting *Leger v. Stockton Unified School*
9   *Dist.*, 202 Cal.App.3d 1448, 1461 (1988)).  "A public entity, as
10  the employer, is generally liable for the torts of an employee
11  committed within the scope of employment if the employee is
12  liable. [Citations.]" *Thomas v. City of Richmond*, 9 Cal.4th 1154,
13  1157 (1995).  Plaintiff has properly alleged a statutory basis
14  for bringing suit against public entity Defendants.

15  **B.    ASSAULT AND BATTERY**

16      Plaintiff's first claim alleges both assault and battery.
17  "Assault and battery are defined in the California Penal Code.
18  Assault is the 'unlawful attempt, coupled with a present ability,
19  to commit a violent injury on the person of another.' Cal.Penal
20  Code § 240. 'A battery is any willful and unlawful use of force
21  or violence upon the person of another.' Cal. Penal Code § 242."
22  *Tekle ex rel. Tekle v. U.S.*, 457 F.3d 1088, 1102 (9th Cir.
23  2006.).

24      Under California civil law, a claim for assault must
25  allege:(1) that Defendants intended to cause harmful or offensive
26  contact, or the imminent apprehension of such contact, and (2)
27  that Plaintiff was put in imminent apprehension of such contact."
28  *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D.Cal. 1998)

**15**

(citing Restatement (Second) of Torts § 21 (1965)).  Plaintiff alleges that Defendants, including Defendant Cardwood committed an assault on Plaintiff by causing Plaintiff to be touched with the intent to harm or offend. (Doc. 15, FAC, ¶ 38.)  Plaintiff then alleges he was "apprehensive of harmful or offensive touching when he was pulled over while driving his car" and alleges that he was placed in "apprehension of non-consensual touching..." (Doc. 15, FAC, ¶ 39.)  "The tort of assault is complete when the anticipation of harm occurs." *Kisesky v. Carpenters' Trust for So. California*, 144 Cal.App.3d 222, 232 (Cal.App.2 Dist. 1983.)  Physical injury need not be present for either a claim of assault or battery. *Id.*  Specific intent to commit an assault is not required, only an intentional act coupled with the knowledge of "actual knowledge of the facts sufficient to establish that the defendant's act by its nature will probably and directly result in injury to another." *People v. Williams*, 26 Cal.4th 779, 782 (2001).

Under California civil law, the elements of a battery are as follows: (1) defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff. *Tekle,* 457 F.3d at 1102 (citing *Cole v. Doe 1 thru 2 Officers of Emeryville Police Dep't*, 387 F.Supp.2d 1084, 1101 (N.D.Cal. 2005)).  "A battery involves a touching." *Price v. County of San Diego*, 990 F.Supp. 1230, 1244 (S.D.Cal. 1998).  Plaintiff's battery claim alleges that Defendants touched or caused Plaintiff to be touched with the intent to harm or offend.  "A battery is any

**16**

intentional, unlawful and harmful contact by one person with the person of another..." *Piedra v. Dugan*, 21 Cal.Rptr.3d 36, 48 (Cal.App.4 Dist. 2004)(citing *Fluharty v. Fluharty*, 69 Cal.Rptr.2d 244 (Cal.App.4 Dist. 1997)). Plaintiff contends that he did not consent to the touching. (Doc. 15, FAC, ¶ 38.) Plaintiff also alleges he was "harmed and offended by Defendants conduct." (Doc. 15, FAC, ¶ 47.)  In a battery claim against a police officer, Plaintiff must prove the officer used unreasonable force. *Munoz v. City of Union City*, 16 Cal.Rptr.3d 521, 539 (Cal.App.1 Dist. 2004); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-73 (Cal.App.4 Dist. 1998).  Plaintiff alleges that "[t]he actual touching was unnecessary force by a police officer because the officers doing the touching, at the time of the touching, did not reasonably believe the warrant was valid, and...knew that the warrant was obtained based on false information and did not include essential exculpatory information..." (Doc. 15, FAC, ¶ 39.)

Plaintiff's first claim sufficiently pleads a cause of action for battery and for assault but these two claims should be separately stated.  Plaintiff agreed at oral argument to amend his pleading to separately state his assault claim and his battery claim.  Under California law, a defendant cannot be convicted of both assault and battery, as every battery includes an element of assault, "and is, in fact, a consummated assault." *People v. Lopez*, 47 Cal.App.3d 8, 15 (Cal.App.4 Dist. 1975).

Plaintiff is **GRANTED LEAVE TO AMEND** his first cause of action for assault and battery.

### III.  IMMUNITY ANALYSIS

17

Defendant City of Merced and City of Merced Police claim immunity under California Government Code § 820.2, permitting immunity for discretionary acts of public employees, even if such discretion is abused, and immunity is claimed under California Government Code § 815.2 which limits liability of a public entity if the public employee is immune.

California Government Code § 820.2 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

The same immunity applies to the public entity under which the public employee is employed.   California Government Code § 815.2(b) provides:

> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability

However, immunity under § 820.2 is not afforded to Defendants if the officer uses excessive and unreasonable force. *Scruggs v. Haynes*, 252 Cal.App.2d 256, 266 (Cal.App.1.Dist. 1967); *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) ("California denies immunity to police officers who use excessive force in arresting a suspect.").   Plaintiff has alleged in his FAC that Defendants used unreasonable force and excessive force, therefore, immunity does not apply. *See* Doc. 15, FAC, ¶ 40.

Defendants City of Merced's and City of Merced Police Department's cannot be granted immunity as a matter of law from assault and battery claims at the pleading stage.   Their motion

**18**

to dismiss Plaintiff's first cause of action on the basis of immunity under California Government Codes §§ 820.2 and 815.2 is **DENIED.**

Defendants Cardwood, City of Merced, City of Merced Police Department, Merced County, Merced County Sheriff's Department, Merced County Deputy Sheriff Taylor and Merced County District Attorney Spencer claim immunity under California Government Code § 821.6 and § 815.2(b) from Plaintiff's assault and battery claim.

California Government Code § 821.6 provides

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

If a public employee is immune under § 821.6, the public entity that employs such employee is not liable under California Government Code § 815.2

Defendants claim § 821.6 immunizes them for governmental investigations arising in the context of formal or administrative proceedings.  However, the first cause of action is for assault and battery based on allegations that officers wrongfully touched Plaintiff in the course of arresting him on a knowingly invalid warrant.  Executing a knowingly fraudulent warrant is not instituting or prosecuting any judicial or administrative proceeding.  Section 821.6 immunity is generally perceived as prosecutorial immunity and immunity from malicious prosecution. *Kayfetz v. State of California*, 156 Cal.App.3d 491, 497 (Cal.App.1 Dist. 1987); *accord Citizens Capital Corp. v. Spohn,* 133 Cal.App.3d 887, 889 (Cal.App.2.Dist. 1982).

**19**

1   Defendants assertion of immunity under California Government

2   Code § 821.6, for public employees and § 815.2, for public

3   entities employing public employees fails.   Defendants Merced

4   County, Merced County Sheriff's Department, Merced County Deputy

5   Sheriff Taylor and Merced County District Attorney Spencer are

6   not granted immunity as a matter of law for Plaintiff's assault

7   and battery claim at the pleading stage.   Their motion to dismiss

8   Plaintiff's first cause of action on the basis of immunity under

9   California Government Codes. §§ 821.6 and 815.2(b) is **DENIED.**

10  **C.   ABUSE OF PROCESS**

11  Plaintiff second claim alleges "abuse of process."   The

12  common law tort of abuse of process arises when one uses the

13  court's process for a purpose other than that for which the

14  process was designed. *Rusheen v. Cohen*, 128 P.3d 713, 718

15  (2006)(citing 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts,

16  § 459, p. 547).   The tort of abuse of process is "interpreted

17  broadly to encompass the entire range of 'procedures' incident to

18  litigation." *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94,

19  104 fn. 4 (1972).   The elements are: (1) defendant contemplated

20  an ulterior motive in using the process, and (2) defendant

21  committed a willful act in the use of the process not proper in

22  the regular conduct of the proceedings. *Oren Royal Oaks Venture*

23  *v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1168

24  (1986). "A showing of malice, whether express or implied, is

25  required." *Slaughter v. Legal Process & Courier Service*, 162

26  Cal.App.3d 1236, 1247 (Cal.App.1 Dist. 1984).   "Abuse of process

27  claims merely require malice, which 'may be inferred from the

28  wilful abuse of the process.'" *Charles J. Vacanti, M.D., Inc. v.*

**20**

*State Comp. Ins. Fund*, 24 Cal.4th 800, 825 (2001) (citing *Tranchina v. Arcinas,* 78 Cal.App.2d 522, 526 (1947)).  The ulterior motive element can be inferred from proof of a willful improper act, the critical question therefore is whether Plaintiff has established a "willful act in the use of process not proper in the regular conduct of the proceedings." *Drum v. Bleau, Fox & Associates*, 107 Cal.App.4th 1009, 1019 (Cal.App.2.Dist. 1019).

"Abuse of process differs from malicious prosecution (and malicious use of process) in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." Prosser, Law of Torts 856 (4th ed. 1971) (footnotes omitted).

> The essence of the tort 'abuse of process' lies in the misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice....

*Brown v. Kennard*, 94 Cal.App.4th 40, 44 (Cal.App.3.Dist. 2001)

Here, Plaintiff alleges that Defendants abused the legal process in several ways:

(1)  Defendants wrongfully obtained a warrant by using false evidence and concealing essential exculpatory evidence from the magistrate, such warrant was then used to (a) falsely arrest and imprison Plaintiff and (b) presented to the District Attorney of Merced County to use in prosecuting Plaintiff;

(2)  Defendant District Attorney Spencer was involved in preparing the warrant and knew the warrant was fraudulent and an abuse of process when he prepared the warrant and when he received the warrant; and

(3)  Defendants used these legal procedures for illegal and ulterior purposes, fraudulently applying for a warrant and using such warrant to arrest, imprison and prosecute Plaintiff, use of legal procedures for which

**21**

1    they were not designed to achieve.

2    (Doc. 15, FAC. ¶¶ 43-45.)

3    Plaintiff alleges that Defendants obtained the false

4    testimony of Mr. Plunkett to support the arrest warrant.

5    Plaintiff contends that such abuse of process was actual fraud

6    and malice. (Doc. 15, FAC, ¶ 47.)   Plaintiff also contends that

7    each Defendants' conduct was a substantial factor in causing

8    Plaintiff's harm.   Plaintiff claims that the criminal

9    investigation was instigated in retaliation, intimidation,

10   coercion and defamation in reprisal for his client's referral to

11   a civil attorney.   The referral resulted in an action for a civil

12   claim of police misconduct against Defendants Cardwood, Merced

13   Police and Sheriff's Dept. and certain Merced police officers.

14   All of these activities are not purposes for which the court

15   process is designed to be used.   Assuming all allegations of the

16   non-moving party to be true, the obtaining of an arrest warrant

17   by false evidence; concealing of exculpatory evidence to an

18   issuing magistrate, thereby wrongfully obtaining a warrant to

19   arrest and search Plaintiff's car and office; then arresting and

20   imprisoning Plaintiff can amount to abuse of process because an

21   arrest warrant is not to be used for unlawful retaliation that

22   results in the wrongful arrest and incarceration of an innocent

23   party.

24   Defendants cite *Cantu v. Resolution Trust Corp.*, 4

25   Cal.App.4th 857, 885 (1992); a case that involved an abuse of

26   process claim against the defendant for filing an interpleader to

27   stay the action and permit resolution of competing claims.   The

28   Court found that such reasons for an interpleader action were

**22**

proper. *Cantu*, 4 Cal.App.4th at 886.  In this case Defendants invoked the judicial process for a purpose not intended, obtaining a fraudulent arrest warrant to conduct a search and seizure based on knowingly fraudulent information, and witheld exculpatory evidence not presented to the magistrate.

In an analogous case, a Puerto Rican District Court (applying Puerto Rican law) held that obtaining a search warrant by means of false testimony is a proper basis for a claim of abuse of process, where it is alleged that as a result of a public official's romantic overtures, and the Plaintiff's invocation of her civil rights to reject the unwelcome conduct, the official and his colleagues, in retaliation, used their official position to obtain warrants to search plaintiff's home and office. *Gonzalez v. I.N.S.*, 405 F.3d 45, 50 (1st Cir. 2005).

Plaintiff's abuse of process claim is sufficiently pled.

## I.   IMMUNITY ANALYSIS

County Defendants, City Defendants and Defendant Cardwood claim immunity from Plaintiff's second cause of action of abuse of process under California Government Code §§ 821.6 and 815.2, claiming it immunizes not only the formal judicial or administrative proceedings themselves, but investigations arising in the context of such proceedings. *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205, 1209-1210 (Cal.App.4 Dist. 1994); *see also Johnson v. City of Pacifica,* 4 Cal.App.3d 82, 84 (Cal.App.1.Dist. 1970) (police officers immune for negligent investigation of a crime); *Jenkins v. County of Orange,* 212 Cal.App.3d 278, 283-284 (Cal.App.4.Dist. 1989), (social worker immune from negligent investigation of child abuse reports).

**23**

Section 821.6 immunity applies to both prosecutors and police officers. *Randle v. City and County of San Francisco*, 186 Cal.App.3d 449, 456-57 (Cal.App.1.Dist. 1986).

The public policy behind immunity from civil liability for public officials is to free them from any fear of litigation or harassment while performing essential duties. Such immunity applies even if the public officials engage in a malicious abuse of their power, proceed without probable cause or conceal exculpatory evidence. Cal. Gov. Code § 821.6; *White v. Towers,* 37 Cal.2d 727, 730 (1951); *Johnson,* 4 Cal.App.3d at 84; *Randle*, 186 Cal.App.3d at 457 fn 9.  "[I]n the end it is better to leave unredressed the wrongs done by dishonest officers than the subject those who try to do their duty to the constant dread of retaliation." *Hardy v. Vial,* 48 Cal.2d 577, 583 (1957)(quoting *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949)).

Pursuant to sections 815.2 and 821.6, Defendants may assert immunity from liability for the actions or omissions of investigating officers and a prosecutor if: (1) Plaintiff's injuries were caused by acts committed by the officers and prosecutor to institute or prosecute a judicial or administrative proceeding or engage in investigative activities; and (2) the conduct of the officers and prosecutor while instituting or prosecuting the proceeding was within the scope of their employment.  Obtaining an arrest warrant is an activity conducted in the process of an investigation and is routinely within the scope of a prosecutor's and officer's employment.

Plaintiff alleges he was harmed by being falsely arrested and imprisoned and that Defendants conducted such activities with

malice.  Malicious acts, however, under § 821.6 immunity, do not destroy immunity.  Defendants Taylor, Cardwood and Spencer are entitled to immunity for the alleged abuse of process claim. Likewise, if their public employees are immune from liability the public entities, Defendants City of Merced, City of Merced Police Department, Merced County and County of Merced Sheriff's Department, are likewise not liable under California Government Code section 815.2.

Defendants motions to dismiss Plaintiff's second claim for abuse of process on immunity grounds is **GRANTED.**

**D.   FALSE ARREST AND FALSE IMPRISONMENT**

Plaintiff's third claim alleges false arrest and imprisonment against all Defendants.  False imprisonment is the unlawful violation of the personal liberty of another. Penal Code § 236.  The definition of the offense is the same whether alleged as a crime or a tort. *Dillon v. Haskell*, 78 Cal.App.2d 814, 816 (Cal.App.2.Dist. 1947).[6]  False arrest and false imprisonment are

_____

[6] Cal. Penal Code section 836 states in part: "(a) A peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur: [¶] (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. [¶] (2) The person arrested has committed a felony, although not in the officer's presence. [¶] (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."  Cal. Penal Code section 847, subdivision (b) states in part: "There shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer ... or law enforcement officer ... acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest under any of the

not separate torts, the former being one way to commit the latter. *Collins v. City and County of San Francisco,* 50 Cal.App.3d 671, 673 (Cal.App.1 Dist. 1975) "It is the unlawful arrest or detention of a person without a warrant, or by an illegal warrant, or a warrant illegally executed." *Donati v. Righetti*, 9 Cal.App. 45, 48 (Cal.App.2 Dist. 1908); *Mackie v. Ambassador Hotel & Inv. Corp.*, 123 Cal.App. 215, 220 (Cal.App.4 Dist. 1932).  A false imprisonment claim based upon an arrest *without* a warrant merely requires an allegation that there was an arrest without process, an imprisonment occurred and damages.

    "Where however the arrest is made with a warrant it is necessary to allege its unlawfulness by pleading the facts constituting the invalidity of the legal process.  Allegations that the warrant or judicial process was 'void,' 'illegal,' 'unauthorized' [citation] or 'void upon its face' or that the sheriff 'did unlawfully imprison plaintiff' [citation] or that the imprisonment was 'unlawful and void' [citation] are conclusions of law and add nothing to the substantive averments of the complaint." *Muller v. Reagh*, 215 Cal.App.2d 831, 836-37 (Cal.App.1 Dist. 1963) (citations ommitted).

> 'The pleading in an action following an arrest with a warrant is necessarily different from that in an ordinary action * * * for a truthful statement of the facts will disclose that the arresting officer had a warrant. In order to establish the wrongful nature of the confinement, therefore, the pleader must show that the arrest was unlawful (not privileged), e. g., that the warrant was invalid on its face. This calls for a

following circumstances: [¶] (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful."

pleading of facts; general allegations to the effect that the warrant, or the affidavit for its issuance, was 'unlawful,' or 'unauthorized,' or that the imprisonment was unlawful or void, are wholly insufficient.'

Witkin, Cal.Procedure, Pleading, § 383, pp. 1360-1361.

California law allows false imprisonment claims to arise when an officer maliciously arrests and imprisons another by personally serving an arrest warrant issued solely on information deliberately falsified by the arresting officer himself. *Blaxland v. Commonwealth Director of Public Prosecutions*, 323 F.3d 1198, 1205, fn 4 (9th Cir. 2003)(citing *McKay v. County of San Diego*, 168 Cal.Rptr. 442, 443. (1980)).

The court in *Downey v. Allen*, 36 Cal.App.2d 269, 273 (Cal.App.2 Dist. 1939), limited liability of peace officers if the warrant is valid on its face and they were not involved in obtaining the warrant, irrespective of defects in the proceedings leading up to the issuance of a warrant. "'When we speak of process' valid on its face 'in considering whether it is sufficient to protect an officer, we do not mean that its validity is to be determined by upon the basis of scrutiny by a trained legal mind, nor is it to be judged in light of the facts outside its provisions which the officer may know.'" *Collins*, 50 Cal.App.3d at 677 (citing *Aetna Ins. Co. v. Blumenthal*, 129 Conn. 545, 553 (1943)).

City Defendants argue that the false arrest and imprisonment claim does not include direct or inferential allegations that if true would establish the involvement of City Defendants' employees.  Defendant Cardwood contends that Plaintiff does not identify which Defendants were involved in the arrest and

imprisonment.

Plaintiff's FAC states that "Defendants Cardwood and Taylor and other officers..." arrested and imprisoned Plaintiff on a warrant they did not reasonably believe was valid, knew it was obtained on the basis of false evidence and concealed essential exculpatory evidence, subjecting Plaintiff to a wrongful arrest. (Doc. 15, FAC, ¶¶ 49-50.)   Plaintiff alleges that Defendants knowingly presented false information, knew they wrongfully obtained the warrant and concealed exculpatory evidence from the issuing magistrate judge.   Plaintiff alleges there were no facts to support probable cause for obtaining a warrant.   Defendants' wrongful procurement of a warrant based on false or fabricated information cannot establish probable cause. (Doc. 15, FAC, ¶ 43.)   Defendants did not reasonably believe such warrant was valid.   "All who take part in or assist in the commission of a false imprisonment are joint tort feasors, and may be joined as defendants without an allegation or proof of a conspiracy." *Oppenheimer v. City of Los Angeles,* 104 Cal.App.2d 551, 553 (Cal.App.2.Dist. 1951).   "'[A] party who 'authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment, is liable.'" *Du Lac v. Perma Trans Products, Inc.* 103 Cal.App.3d 937, 941 (Cal.App.2.Dist. 1980)(citing *Ramsden v. Western Union,* 71 Cal.App.3d 873, 880 (Cal.App.2 Dist. 1977))(overruled on separate issue regarding privilege of a private person to communicate information to the police in *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 377 (2004); BAJI No. 7.60 (7th ed. 1986).   "'[T]he actor is not

**28**

liable unless his act is done for the purpose of imposing confinement upon the other, or with knowledge that such a confinement will, to a substantial certainty, result from it.  It is not enough that the actor realizes or should realize that his actions involve a risk of causing a confinement, so long as the likelihood that it will do so falls short of a substantial certainty.'" *Du Lac*, 103 Cal.App.3d at 943 (citing Rest.2d Torts, § 35, com. h.).

Plaintiff sufficiently pleads a cause of action for false arrest and imprisonment against all Defendants.  If no evidence exists to support the claims, a dispositive motion is appropriate to address such deficiencies.

**I.   IMMUNITY ANALYSIS**

City and County Defendants claim immunity under California Government Code §§ 820.2, 821.6 and 815.2.  City Defendants also claim immunity under California Civil Code § 43.55.  Defendant Cardwood claims immunity under § 821.6.

California Civil Code § 43.55 provides:

> (a) There shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant.
> (b) As used in this section, a "warrant of arrest regular upon its face" includes both of the following:
> (1) A paper arrest warrant that has been issued pursuant to a judicial order.
> (2) A judicial order that is entered into an automated warrant system by law enforcement or court personnel authorized to make those entries at or near the time the judicial order is made.

The facts alleged by Plaintiff prevent City Defendants from claiming immunity under California Civil Code Section 43.55 at

the pleading stage.  Even if the warrant appeared valid on its face, the Defendant officers are alleged to have acted with malice in withholding exculpatory evidence and obtaining the warrant with false evidence. *McKay v. County of San Diego* 111 Cal.App.3d 251, 256 (Cal.App.4.Dist. 1980) (if an officer, personally executing the warrant, acts without malice and obtains an arrest warrant based on deliberately false information, no conditional immunity is afforded the officer under Civil Code 43.55 (formerly 43.5(a))); *Harden v. San Francisco Bay Area Rapid Transit Dist.,* 215 Cal.App.3d 7, 17 (Cal.App.1.Dist. 1989)(applying *McKay* rule, extended it to non-arresting officer who "took a very active role in actually securing the arrest warrant and participated in having it served by a fellow police officer under his own authority"); *Laible v. Superior Court,* 157 Cal.App.3d 44, 53 (Cal.App.1 Dist. 1984) (extending *McKay* "malice" to instances of withholding significant exculpatory evidence from magistrate, especially if deliberate or with reckless disregard for plaintiff's liberty interests or for some improper or wrongful motive or purpose, or clearly presenting falsified documents.)

Immunity for false arrest or imprisonment also is not afforded under California Government Code § 820.4, which provides:

> A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.

Liability for false arrest and imprisonment is specifically retained in the Government Torts Claims Act, Section 820.4.

*Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 721 (1974).

Likewise for immunity under Section 821.6.  "We note, however, that while an arrest could be considered to be part of the investigation leading up to a judicial proceeding, it is settled that section 821.6 does not provide immunity for claims for false imprisonment." *Amylou R.*, 28 Cal.App.4th at 1211 fn 2(applying § 821.6 immunity).  And because Merced City and Merced County cannot not establish that their employees are immune for liability, their immunity defense claims fails at the pleading stage. Cal.Gov.Code § 815.2(b).

Defendants motion to dismiss Plaintiff's third cause of action on grounds of immunity for false arrest and imprisonment is **DENIED**.

**E.   DEFAMATION PER SE.**

Plaintiff's fourth claim alleges defamation per se against Defendant Cardwood.  Plaintiff claims:

> 53.  ...making statements to the effect that Plaintiff is a known drug dealer and delivers drugs into jails by having his clients take the drugs into the jails.
> 54.  The alleged statements were made to known persons other than Plaintiff. The persons to whom the statements were made reasonably understood the statements were about Plaintiff and also reasonably understood the statements to mean that Plaintiff had committed a crime.
> 55.  ...Cardwood failed to use reasonable care to determine the truth and falsity of the statements and further made the statements with intent to cause injury or with knowing and willful disregard for the probable dangerous consequences of his conduct and deliberately failed to avoid that those consequences.

(Doc. 15, FAC. ¶¶ 53-55.)

Defamation per se exists if a statement, is defamatory on its face, that is untrue.  A defamation per se claim is actionable without proof of special damages.  Defamation can

take the form of the slander or libel.  Slander is an oral,
unprivileged communication by radio or any mechanical or other
means. Cal. Civ. Code §46. Libel is a false and unprivileged
publication by writing, printing, picture, effigy or other fixed
representation to the eye. Cal. Civ. Code §45.

A statement is libelous per se if it defames the plaintiff
on its face, that is, without the need of extrinsic evidence to
explain the statement's defamatory nature. Cal. Civ. Code §45a.
"An allegation the plaintiff is guilty of a crime is libelous on
its face." *See Fashion 21 v. Coalition for Humane Immigrant
Rights of Los Angeles*, 117 Cal.App.4th 1138, 1145 fn. 7.
(Cal.App.2 Dist. 2004). A slander per se action is different
from a libel per se action in that California case law has held
four specific types of statements constitute slander per se, as
prescribed by Cal. Civ. Code §46:

 any "false and unprivileged publication, orally uttered" that:

> (1) Charges any person with crime, or with having been
> indicted, convicted, or punished for crime;  Cal. Civ.
> Code §46(1)
>
> (2) Imputes in him the present existence of an
> infectious, contagious, or loathsome disease;
> Cal. Civ. Code §46(2)
>
> (3) Tends directly to injure him in respect to his
> office, profession, trade or business, either by
> imputing to him general disqualification in those
> respects which the office or other occupation
> peculiarly requires, or by imputing something with
> reference to his office, profession, trade, or business
> that has a natural tendency to lessen its profits;" or
> Cal. Civ. Code §46(3)
>
> (4) Imputes to him impotence or want of chastity; or
> Cal. Civ. Code §46(4)

"Imputing dishonesty or lack of ethics to an attorney is also

actionable under Civil Code section 46 because of the probability of damage to professional reputation." *Albertini v. Schaefer*, 97 Cal.App.3d, 822, 829 (Cal.App.2 Dist. 1979)

If such statements were made in a publication, accusing Plaintiff of being guilty of the crime of being a drug dealer and passing drugs to the jails through his client, such statements are libelous on their face. *Fashion 21*, 117 Cal.App.4th at 1145 fn 7.  Such statements impute dishonesty and lack of ethics on the part of Plaintiff as an attorney, potentially damaging his professional reputation. *Albertini*, 97 Cal.App.3d at 829.   The Complaint is unclear whether the alleged statements were made orally or through written publication to qualify as a slander per se or libel per se.

Plaintiff is **GRANTED LEAVE TO AMEND** his fourth claim for defamation per se, to properly allege a slander per se or a libel per se claim or both.

## I.   IMMUNITY ANALYSIS

Defendant Cardwood claims immunity from Plaintiff's defamation per se claim under California Government Code § 821.6. Defendant claims that immunity applies to claims for libel or slander based on statements made by public employees in the course of an investigation, citing *Kayfetz v. State of California*, 156 Cal.App.3d 491, 497 (Cal.App.1.Dist. 1984), *Cappuccio, Inc. v. Harmon,* 208 Cal.App.3d 1496, 1499 (Cal.App.6 Dist. 1989) and *Ingram v. Flippo*, 74 Cal.App.4th 1280, 1293 (Cal.App.6.Dist. 1999).  Public employees are protected under Section 821.6 even if they act *maliciously* and *without probable cause*. Cal.Gov.Code § 821.6 (emphasis added).

**33**

In *Kayfetz v. State of California*, 156 Cal.App.3d 491 (Cal.App.1.Dist. 1984) immunity was afforded to publication of Plaintiff's name in an Action Report under California Government Code Section 821.6.  The Court reasoned that the two-fold coverage under Section 821.6 includes any publication published as part of the institution or prosecution of proceedings, including "the charges and the disposition" if such publication is "within the scope of [defendant's] employment." *Kayfetz*, 156 Cal.App.3d at 497.  Similarly, the *Cappuccio, Inc. v. Harmon* 208 Cal.App.3d 1496 (Cal.App.6.Dist. 1989) court held that (relying on *Kayfetz)*, if injury, is caused by or through the process of initiation or prosecution of the proceeding, immunity which is applied liberally under Section 821.6, is granted.  Terminating the prosecution does not defeat immunity. *Id.* at 1499 (libel and slander claim regarding dissemination of information -- after plaintiffs were found guilty the investigating officer publicly announced their guilt).  Likewise, the court in *Ingram v. Flippo*, 74 Cal.App.4th 1280 (Cal.App.6.Dist. 1999), citing the "expansive interpretation" the immunity statute is given, found a district attorney who publicized the results of an investigation, immune under Section 821.6. *Id.* at 1293 (district attorney had stated in a press release that school board members had committed minor violations).

Immunity under Section 821.6 has also been extended to police officers for their actions conducted in investigations of crime, including intentional infliction of emotional distress and conversion claims. *Amylou R.,* 28 Cal.App.4th at 1208-1211, 1214 (infliction of emotional distress); *Baughman v. State of*

**34**

*California*, 38 Cal.App.4th 182, 190-193 (Cal.App.2.Dist. 1995) (conversion– police officers destroyed plaintiff's property in search); *Gillan v. City of Marino,* 55 Cal.Rptr.3d 158, 170-71 (Cal.App.2 Dist. 2007) (officers immune from defamation and intentional infliction of emotional distress based on statements made in press releases about an investigation before the institution of a judicial proceeding, still considered by Court to be part of the prosecution of a judicial proceeding).

In the present action Defendant Cardwood, a BNE Agent, made statements relating to Plaintiff being a known drug dealer, and delivering drugs to jails through his clients.  However, Plaintiff does not allege under what circumstances the statements were made, including whether they were made in the course of Defendant Cardwood's investigation or the institution or prosecution of proceedings.  The time period such statements were uttered by Defendant Cardwood is unknown.  It is unclear at this stage in the litigation if Defendant Cardwood is entitled to immunity under Section 821.6 as a matter of law.  Immunity is an affirmative defense that Plaintiff's pleading need not anticipate.

Defendant Cardwood's motion to dismiss on immunity grounds Plaintiff's fourth claim for defamation per se is **DENIED.**

**F.   CALIFORNIA CIVIL CODE §52.1 (UNREASONABLE SEARCH AND SEIZURE)**

Plaintiff's sixth claim is brought under California Civil Code § 52.1.  Plaintiff alleges:

> 63.   Plaintiff hereby realleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 62 of this complaint.
> 64.   All Defendants *interfered* and attempted to interfere Garcia's right to be *free of unreasonable search and*

*seizures*, while acting under color of law, *by threats, intimidation, coercion*, or attempt to interfere by threats, intimidation or coercion with Garcia's exercise or enjoyment of rights secured by the Constitution of the United States and rights secured by the Constitution and laws of the State of California.

California Civil Code § 51.2(b) permits an individual whose "exercise or enjoyment of rights secured by the...Constitution or laws of this state" has been interfered with by "threats, intimidation, or coercion" (or attempted threats, intimidation, or coercion) to bring a private right of action for damages. Plaintiff however, does not allege what threats, intimidation or coercion Defendants preponderated on Plaintiff.

Further, Plaintiff agreed at oral argument to dismissal of the sixth cause of action due to its similarity to the fifth cause of action for unreasonable search and seizure ascertainable under a § 1983 action.

Defendants motion to dismiss the sixth cause of action for unreasonable search and seizure is **GRANTED WITHOUT LEAVE TO AMEND.**

**G. CONSPIRACY: PRAYER FOR RELIEF**

Plaintiff's complaint contains a section at the end, though not a separately titled cause of action, entitled "Prayer for Additional Recovery as allowed by law under the Legal Doctrine of Civil Conspiracy against all Defendants." (FAC, ¶ 65-69.)  "Under California law, there is no separate tort of civil conspiracy." *Youst v. Longo*, 729 P.2d 728, 739 (1987).  However, conspiracy may be alleged as a means of imposing vicarious liability .

Plaintiff is **GRANTED LEAVE TO AMEND** to properly plead facts to allege a conspiracy.

36

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 6.   **FEDERAL CIVIL RIGHTS CLAIM**

**A.   § 1983 SUIT AGAINST OFFICIALS IN THEIR OFFICIAL CAPACITY (CARDWOOD, TAYLOR AND SPENCER)**

Plaintiff brings suit under § 1983 for violation of his civil rights to be free from unreasonable search and seizure against all Defendants, including against Cardwood, Taylor and Spencer in their individual capacities.  Plaintiff has not specifically alleged his right to be free from unreasonable search and seizure is protected under the Fourth Amendment; by reasonable inference it is evident that this Constitutional amendment is being relied upon by Plaintiff.

When state officials are sued in their official-capacities, the suit is treated as against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  "1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 fn. 8 (9th Cir. 2002).  In such suits, the real party in interest is the entity for which the official works. *Hafer v. Melo,* 502 U.S. 21, 25 (1991).  By contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions [taken] under color of state law." *Id.* at 165.

### I. DEFENDANT CARDWOOD

A suit against Defendants Cardwood, in his official capacity is the same as a suit against his employer, the State of California (the California Department of Justice's Bureau of Narcotics Enforcement (BNE) is a state agency).  However,

Plaintiff did not name BNE or the State of California as a Defendant in this action.  However, "[a]s long as the government entity receives notice and opportunity to respond to an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524, n.3 (9th Cir. 1999) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Assuming BNE has been given sufficient notice and opportunity to respond to an official-capacity suit, BNE is a California State entity and Plaintiff's cite no Eleventh Amendment waiver of its sovereign immunity or action by Congress overriding its Eleventh Amendment immunity.  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought," in a Section 1983 claim. *Graham*, 473 U.S. at 167, n. 14 (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(per curiam).

Plaintiff's fifth cause of action against Defendant Cardwood in his official capacity is **DISMISSED WITHOUT LEAVE TO AMEND.**

## II. DEFENDANT SPENCER, MERCED COUNTY DISTRICT ATTORNEY

Defendant Spencer, Merced County District Attorney, is also sued in his official capacity.  However, Defendant Spencer, in preparing and obtaining an arrest warrant acts either in his investigative or prosecutorial role for the State. *Weiner v. San Diego County*, 210 F.3d 1025, 1026 (9th Cir. 2000)(a county district attorney acts for the state for purposes of investigating and proceeding with criminal investigations).  Like Defendant Cardwood and BNE, Plaintiff cites no Eleventh Amendment

waiver or Congressional act overriding the State's Eleventh Amendment immunity.  Defendant Spencer sued in his official capacity is **DISMISSED** from the suit **WITHOUT LEAVE TO AMEND.**

### III. DEFENDANT TAYLOR, MERCED COUNTY SHERIFF'S DEPUTY

A suit against Defendant Spencer, Merced County Sheriff's Deputy, in his official capacity is the same as a suit against Merced County, the payor of any damages that may be awarded.

The Merced County Sheriff's Department acts on behalf of the county when investigating crimes and can be subject to Section 1983 liability. *Brewster v. County of Shasta*, 275 F.3d 803 (9th Cir. 2001).  *Brewster* "is controlling on the issue of whether California sheriffs are subject to section 1983 liability." *Brockmeier v. Solano County Sheriff's Dept.*, No. CIV-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *9 (E.D.Cal. Dec. 18, 2006).

A California decision, *Venegas v. County of Los Angeles*, 87 P.3d 1 (2004) however, differs and held that a sheriff acts for the state in conducting investigations.  The *Venegas* California state decision directly conflicts with the earlier Ninth Circuit decision, *Brewster v. County of Shasta*, 275 F.3d 803 (9th Cir. 2001), that holds California Sheriffs act on behalf of the county when investigating crimes.  The *Brewster* court did not have the benefit of the analysis in the later California *Venegas* case.

However, "[t]he *Venegas* court challenges the holding in *Brewster,* mistakenly asserting that the Ninth Circuit failed to follow the 'guidance given by [California state cases] *McMillan*, *Pitts and Peters*.'" *Brockmeier*, 2006 WL 3760276, at *8.  The *Brewster* court did apply and follow *McMillan* in great detail, conducting a thorough and expansive analysis, reviewing relevant

**39**

statutory and constitutional provisions to address whether California sheriffs act on behalf the state or county when investigating crimes, *and* the court carefully analyzed and specifically rejected the *Pitts* and *Peters* decisions which were analyzed with different results by the *Venegas* court. *See Brockmeier*, 2006 WL 3760275, at *8 (lengthy discussion and analysis of *Venegas and Brewster*); *see also Brewster*, 275 F.3d at 807-811.

The *Venegas* decision does not overturn Ninth Circuit precedent on this issue regarding a federal statute.[7]  The "ultimate issue is whether or not California sheriffs are subject to liability under 42 U.S.C. § 1983 when executing their law enforcement duties" and "[t]his is an ultimate question of federal law even though it requires application of some principles of state law to resolve it," *Brockmeier*, 2006 WL 3760275,at *6.  "[T]he question of municipal liability under section 1983 is one of federal law." *Streit v. County of Los Angeles*, 236 F.3d 552, 560 (9th Cir. 2001)("even if [*Peters*] were on all fours we would not be bound by its conclusions regarding

---

[7]As this Court has stated earlier in *Faulkner v. County of Kern*, No. 1:04-CV-05964 OWWTAG, 2006 WL 1795107 at *16 (E.D.Cal. June 28, 2006), a decision following *Brewster*, that "[b]ecause the Ninth Circuit considers California sheriffs performing law enforcement functions to be county officers, the majority's contrary conclusion here creates a split that results in immunizing sheriffs from section 1983 liability in actions brought in state court while exposing them to liability in identical actions filed in federal court. This effectively drives California civil rights plaintiffs with actions against a county sheriff out of our court system and into federal court.  To ensure uniformity in the enforcement of federal civil rights law in both state and federal courts in California, the United States Supreme Court should decide which view is correct."

section 1983 liability because such questions implicate federal, not state law".)

Plaintiff's fifth cause of action against Defendant Spencer, in his official capacity is **DISMISSED WITHOUT LEAVE TO AMEND.**

**B.    MUNICIPAL DEPARTMENTS NOT PROPER DEFENDANTS**

Plaintiff brings suit not only against the City of Merced and the County of Merced but their municipal departments, the City of Merced Police Department and the Merced County Sheriff's Department.  Municipal departments, here Merced County Sheriff's Department and City of Merced Police Department, are not appropriate Defendants.  Under Section 1983, a "person" acting under color of law may be sued for for violations of the U.S. Constitution or federal laws.  The term "persons" under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-996 (N.D.Cal. 1996).  But "persons" do not include municipal departments. *Id.*  "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *Stump v. Gates*, 777 F.Supp. 808, 816 (D.Colo. 1991).  The County of Merced is the proper defendant in a § 1983 suit, not the Merced County Sheriff's Department, which is **DISMISSED WITHOUT LEAVE TO AMEND**

Likewise, the City of Merced is the proper defendant in a § 1983 suit and the City of Merced Police Department is **DISMISSED WITHOUT LEAVE TO AMEND.**

**C.   DEFENDANTS' CITY OF MERCED AND MERCED COUNTY *MONELL* LIABILITY**

Plaintiff brings a § 1983 constitutional violation claim against the City of Merced and County of Merced for unreasonable search and seizure.  Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.[8] *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003)(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)) "[O]ur holding...that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name". *Monell*, 436 U.S. at 691 n.55.  "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional, implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers...[or for] deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id*. at 690-91.

---

[8] "There is certainly no constitutional impediment to municipal liability.  'The Tenth Amendment's reservation of nondelegated powers to the States is not implicated by a federal-court judgment enforcing the express prohibitions of unlawful state conduct enacted by the Fourteenth Amendment.'"  *Monell*, 436 U.S. 691 (quoting *Milliken v. Bradley*, 433 U.S. 267, 291 (1977)).  There is no "basis for concluding that the Eleventh Amendment is a bar to municipal liability."  *Id*. (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

Although a local government can be held liable for its
official policies or customs, it will not be held liable for an
employee's actions outside of the scope of these policies or
customs.  "[T]he language of § 1983, read against the background
of the same legislative history, compels the conclusion that
Congress did not intend municipalities to be held liable unless
action pursuant to official municipal policy of some nature
caused a constitutional tort.  In particular,...a municipality
cannot be held liable solely because it employs a tortfeasor.  A
municipality cannot be held liable under § 1983 on a respondeat
superior theory."  *Id.* at 691.  The statute's "language plainly
imposes liability on a government that, under color of some
official policy, 'causes' an employee to violate another's
constitutional rights."  *Id*. at 692.

To prevail on a § 1983 complaint against a local government
under *Monell*, a plaintiff must satisfy a three-part test: (1) The
official(s) must have violated the plaintiff's constitutional
rights;[9] (2) The violation must be a part of policy or custom and
may not be an isolated incident; and (3) A nexus must link the
specific policy or custom to the plaintiff's injury.  *See Monell*,
436 U.S. at 690-92.  There are three ways to show a policy or
custom of a municipality:

> (1)  By showing a longstanding practice or
> custom which constitutes the standard
> operating procedure of the local

---

[9] "[A] public official is liable under § 1983 only if he
causes the plaintiff to be subjected to deprivation of his
constitutional rights.'" *Brass*, 328 F.3d at 1200 (quoting *Baker
v. McCollan*, 443 U.S. 137, 142 (1979)(citation and internal
quotation marks omitted)).

> (2)     government entity;
> By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
>
> (3)     By showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.* Municipalities can be held liable "if its deliberate policy caused the constitutional violation alleged." *Blackenhorn*, 485 F.3d at 484.

In this circuit, a claim of municipal liability under Section 1983 is sufficient to withstand a motion to dismiss 'even if based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir. 1986)).

Here, Plaintiff claims Defendants collectively violated his right to be free from unreasonable search and seizure, including, officials from the City of Merced and County of Merced, specifically Defendant Taylor as a County Sheriff's Deputy and Defendant Spencer, County District Attorney.  However, Plaintiff cites no custom or policy of the City or County followed by Deputy Taylor or Spencer.  Plaintiff does assert in an earlier of paragraph of the Complaint, which is incorporated into his § 1983

**44**

fifth cause of action, that Defendant Spencer was an authorized policymaker and implemented and created and approved decisions and conduct in obtaining and executing the fraudulent warrant by Merced County Sheriff's Department, Deputy Sheriff John Taylor and City of Merced Police Department but makes no claim that there was a custom and policy or that Taylor was a policymaker in the area of decision. (Doc. 15, FAC, ¶ 46.)

## I.    IMMUNITY LIMITED

Municipal corporations are not afforded immunity from suit like individuals acting under the color of law. *Owen v. City of Independence*, 445 U.S. 622 (1980).  While a municipality cannot be held liable under a *respondeat superior*, it is not afforded qualified immunity. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993).

For the reasons set forth above Defendant City of Merced's and County of Merced's motion to dismiss the fifth cause of action for Section 1983 claim for unreasonable search and seizure is **GRANTED WITH LEAVE TO AMEND.**

**D.    § 1983 SUIT AGAINST INDIVIDUAL DEFENDANTS FOR FOURTH AMENDMENT DEPRIVATION OF LIBERTY FOR UNREASONABLE SEARCH AND SEIZURE**

Plaintiff sues Defendants Cardwood, Taylor and Spencer in their individual capacities for liability under § 1983.  To establish liability under § 1983, Plaintiff must allege that the individual defendant deprived plaintiff of a right secured by the United States Constitution or a federal law.

"Section 1983 provides for liability against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws'

**45**

of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003)(quoting 42 U.S.C. § 1983).  "The rights guaranteed by section 1983 are 'liberally and beneficently construed.'" *Id.*(quoting *Dennis v. Higgins*, 498 U.S. 439, 443 (1991)).  Pursuant to 42 U.S.C. § 1983, Plaintiffs may bring a civil action for deprivation of rights under the following circumstances:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To establish liability under § 1983, a plaintiff must show (1) that he was deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Plaintiff has claimed he has a "civil right to be free from unreasonable search and seizure." (Doc. 15, FAC, ¶ 61.)  Plaintiff claims he was subjected to unreasonable search and seizure as a result of Defendant Taylor's and Defendant Cardwood's, and other officers to be identified, obtaining a warrant to arrest Plaintiff and search his

vehicle and office through falsified evidence,
misrepresentation, and withholding exculpatory information
from the magistrate who issued the warrant. (Doc. 15, FAC,
¶ 21.)  Plaintiff specifically alleges that Defendant
Spencer was involved in obtaining the warrant knew at the
time he was preparing the warrant and at the time he
received it, that it was fraudulent. (Doc. 15, FAC, ¶ 43.).
A warrant based on fraudulent information, including false
statements and withholding exculpatory evidence from the
magistrate judge issuing the warrant is not a warrant
issued on probable cause.  "The Fourth Amendment requires
that arrest warrants be based "upon probable cause..."
*Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

Plaintiff however, does not plead as required under the
second prong of a § 1983 claim that Defendants effected the
deprivation of his right to be free from unreasonable
search and seizure "under color of law." *Broam*, 320 F.3d at
1028.  All defendants in this case are law enforcement
officers who purported to be enforcing the law, and they
all claim official immunity for activities in the course
and scope of their public employment.

Plaintiff makes a general allegation that "Defendant's
are not entitled to absolute investigative or prosecutorial
for immunity the civil rights violated alleged," (Doc. 15,
FAC, ¶ 61.), but provides no further information to support
this statement.

Defendant Cardwood's, Taylor's and Spencer's motion to
dismiss the fifth cause of action for violation of civil

rights under 42 U.S.C. § 1983 against all Defendants is **DENIED.**  Plaintiff should add in "under color of law" allegation and provide further support for his general allegation that Defendants are not entitled to absolute investigative or prosecutorial immunity, to any amended complaint.

### 7. <u>MOTION FOR MORE DEFINITE STATEMENT 12(e)</u>

Defendant Cardwood moves for a more definite statement under Fed. R. Civ. Proc. 12(e):

> The complaint does not set forth facts sufficient to state a claim against Defendant Cardwood, or alternatively, requires a more definite statement in that the complaint does not specify which defendants participated in each alleged event.

Doc. 13, MTD III, p.2.)  The relevant question here is whether the complaint gives Defendant Cardwood sufficient notice of the claims.  "A court will deny a motion for a more definite statement" where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D.Cal. 2005).

> A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.

*Id.*

A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards set forth in Fed. R. Civ. P. 8(a)(2).  *See, e.g., Bureerong v. Uvawas*, 922 F. Supp 1450, 1461 (C.D.Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077

**48**

(C.D.Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).  A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal. 1999) (internal quotations and citation omitted).  Whether to grant a Rule 12(e) motion for a more definite statement lies within the discretion of the district court.  *See Stout*, 946 F. Supp. at 804.

The FAC puts Defendant Cardwood on sufficient notice of the nature of the state and federal law claims against him. Any issues concerning sufficiently pled causes of action have been addressed in the 12(b)(6) analysis above.

Defendant Cardwood's motion for more definite statement is **DENIED.**

### 8.   DAMAGES

Defendants Merced County, Sheriff's Dept. Taylor and Spencer assert that Plaintiff fails to allege facts sufficient to constitute a basis upon which punitive damages can be granted as relief against a public entity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).  Plaintiff, in his opposition pleadings confirms that he does not seek punitive damages against any public entity Defendants. (Doc. 23, Opposition to MTD II , p.5.) This motion is **GRANTED WITH PREJUDICE.**

**49**

### 9.   **CONCLUSION**

For the reasons set forth above,

**(1)** Plaintiff is **GRANTED LEAVE TO AMEND** his first cause of action for assault and battery.  Defendants motions to dismiss the first cause of action on immunity grounds are **DENIED.**

**(2)** Defendants motions to dismiss the second cause of action for abuse of process on immunity grounds are **GRANTED WITHOUT LEAVE TO AMEND.**

**(3)** Defendants motions to dismiss the third cause of action for false arrest and false imprisonment on immunity grounds are **DENIED.**

**(3)** Plaintiff is **GRANTED LEAVE TO AMEND** his fourth cause of action for defamation per se against Defendant Cardwood.  Defendant Cardwood's motion to dismiss the fourth cause of action on immunity grounds is **DENIED.**

**(4)** Defendants Cardwood, Spencer and Taylor sued in their official capacities under Plaintiff's fifth cause of action for § 1983 violations are **DISMISSED WITHOUT LEAVE TO AMEND.**  Defendants County of Merced Sheriff's Department and City of Merced Police Department sued as departments under Plaintiff's fifth cause of action for § 1983 violations are **DISMISSED WITHOUT LEAVE TO AMEND.** Defendants County of Merced and City of Merced motions to dismiss Plaintiff's fifth cause of action for § 1983 violations under *Monell* liability are **GRANTED WITH LEAVE TO AMEND.**  Defendants motions to dismiss Plaintiff's fifth cause of action for § 1983 violations against Defendants

**50**

Taylor, Spencer and Cardwood in their individual capacities are **DENIED.**  And Plaintiff is **GRANTED LEAVE TO AMEND** his fifth cause of action.

**(5)** Defendants motions to dismiss Plaintiff's sixth cause of action for unreasonable search and seizure in violation of California Civil Code § 52.1 is **GRANTED WITHOUT LEAVE TO AMEND.**

**(9)** Defendant Cardwood's motion for a more definite statement pursuant to Rule 12(e) is **DENIED.**

**(10)** Plaintiff is **GRANTED LEAVE TO AMEND** the caption page of the Complaint to name all Defendants in the action.

**(11)** The motion to strike punitive damages as to any public entity is **GRANTED WITH PREJUDICE.**

Plaintiff shall within twenty days following the entry of this order by the clerk of the court, file any amended complaint.

IT IS SO ORDERED.

**Dated:    January 10, 2008**                **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

51