**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN GARCIA,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF MERCED, CITY OF MERCED POLICE DEPARTMENT, BUREAU OF NARCOTICS ENFORCEMENT SPECIAL AGENT SUPERVISOR ALFREDO CARDWOOD, et al.,<br><br>      Defendant. | No. 1:07-CV-00867 OWW/DLB<br><br>AMENDMENT TO MEMORANDUM DECISION RE DEFENDANT ALFREDO CARDWOOD'S MOTION FOR SUMMARY JUDGMENT (Doc. 89) |

    The Memorandum Decision Re: Defendant Alfredo Cardwood's Motion for Summary Judgment (Doc. 89) filed September 25, 2009 is amended by:

    1.   Inserting "first prong of the" at page 37, line 27, between "The" and "qualified."

    2.   Deleting lines 2 through 6 from Page 41 and inserting: "As to Plaintiff's stop and detention, after viewing the entirety of the evidence, drawing all inferences in Plaintiff's favor, Defendant is not entitled to qualified immunity. Disputed material facts remain concerning Agent Cardwood's alleged wrongful conduct under the Fourth Amendment. To be clear, Defendant is not entitled to summary adjudication under either prong of the qualified immunity analysis. *See Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) ("[A] trial court should not grant summary judgment [on qualified immunity] when there is a genuine dispute as to the

facts and circumstances within an officer's knowledge or what the officer and claimant did or failed to do.")(internal quotation marks omitted).  As to the second prong, the "relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Conn v. City of Reno*, 572 F.3d 1047, 1062 (citing *Saucier*, 533 U.S. 194, 201).  Fourth Amendment jurisprudence clearly prohibits seizing individuals without reasonable suspicion or probable cause, *Terry v. Ohio*, 392 U.S. 1; *Tarr v. Maricopa County*, 256 F. App'x 71, 73 (9th Cir. 2007), and making fraudulent or omitting material statements in an application for a search warrant, *Franks v. Delaware*, 438 U.S. 154 (1978); *Lombardi v. City of El Cajon*, 117 F.3d 1117 (9th Cir. 1997).  Accepting Plaintiff's version of events as true, there is a triable issue as to whether the Task Force Agents seized Plaintiff without probable cause or reasonable suspicion and whether Agent Cardwood made fraudulent statements and/or omitted material information in an application for the search warrant at issue.  It would be clear to a reasonable officer that such conduct, if it occurred, is unlawful."

SO ORDERED

Dated: October 1, 2009            /s/ Oliver W. Wanger

                                            Oliver W. Wanger
                                            United States District Judge